UNITED STATES of America,

v.

Ramendra BASU, Defendant.

Criminal Action No. 02–475 (RWR).

United States District Court,
District of Columbia.

June 18, 2012.

Opinion Denying Certification of
Appealability Oct. 22, 2012.

David A. Bybee, U.S. Department of Justice, Washington, DC, for United States of America.

Steven Wrobel, Rosenberg, Martin, Greenberg, LLP, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

RICHARD W. ROBERTS, District Judge.

Petitioner Ramendra Basu filed a motion under 28 U.S.C. § 2255 to vacate his conviction, or to correct his sentence, arguing that his counsel provided ineffective assistance while he cooperated with the government. Because Basu's counsel's representation did not fall below an objective level of reasonableness and Basu suffered no prejudice, his motion will be denied.

## BACKGROUND

The background of this case is discussed fully in *United States v. Basu*, 531 F.Supp.2d 48 (D.D.C.2008). Briefly, Basu was an employee in the Consultant Trust Funds Office of the World Bank from 1996 to 2000, with the exception of three months in late 1997. In mid–1997, Basu entered into an agreement with a World Bank Task Manager and a Swedish consultant to award business, funded by the World Bank's trust funds, to the Swedish Consultant with the understanding that once the funds were released to the Swedish Consultant, the Swedish Consultant would pay kickbacks to the Task Manager. Throughout 1998, Basu facilitated bribe payments by arranging meetings between the Task Manager and the Swedish Consultant in London, England. Basu also knowingly agreed to facilitate payment to a Kenyan government official that would be used to corruptly influence the official to hire an American consultant, a business associate of Basu, to perform work on an urban transport project. *Basu*, 531 F.Supp.2d at 51.

Basu pled guilty to a two-count information charging conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, and corruptly using instrumentalities of interstate commerce in violation of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd–3. Under the terms of the plea agreement, Basu was required to cooperate with the government. (Mot. to Vacate at 1–2.) Shortly after Basu pled guilty, Basu's attorney, Sean Grimsley, left the Federal Public Defender's Office, and Assistant Federal Public Defender Greg Spencer entered an appearance on Basu's behalf. (*Id.*) Basu alleges that

> Mr. Spencer and I had little if any interaction with regard to my cooperation. In September or October 2005 I got a call from the Swedish Court requesting me to go to Sweden. I do recall speaking at one time with Mr. Spencer who told me that I was requested to give a deposition (testify) at the Swedish consultant's trial. Prior to my departure he told me that he was not going to accompany me.

(Mot. to Vacate, Ex. 1, Basu Affidavit ("Basu Aff.") ¶ 6.) Basu hoped that Spencer would travel to Sweden to learn details that could help his case and to "document and be witness to [his] cooperation." (*Id.*) The testimony Basu heard in Sweden made him question whether he had facilitated bribe payments as alleged in the information to which he pled guilty. (*Id.* ¶ 8.) When Basu returned to the United States, he learned that a sentencing hearing had been set, and he "went to see Mr. Spencer in his office and tried to explain to him as best [he] could what had occurred at the Swedish trial." (*Id.* ¶ 9.) During that conversation, Basu told Spencer that he wanted to withdraw his plea, and Spencer said he would withdraw as Basu's attorney. (*Id.*) Spencer did move successfully to withdraw and for new counsel to be appointed, citing Basu's dissatisfaction with the representation provided by Grimsley and the Federal Public Defender's Office. (Mot. to Withdraw at 2.) Basu reviewed with his new attorney the Swedish testimony and other pertinent details of the case, and his new attorney filed a motion to withdraw Basu's plea, arguing that Basu was innocent of the charges and that his plea was coerced. *Basu*, 531 F.Supp.2d at 51. (*See also* Basu Aff. ¶ 10.) The motion to withdraw was denied on the grounds that Basu voluntarily entered the plea and that his claim of innocence lacked evidentiary support. *Basu*, 531 F.Supp.2d at 51. Basu's actions caused the government to decline to file a motion for a downward departure (Govt.'s Sent'g Mem. at 5), and Basu was sentenced to fifteen months incarceration.

Basu has filed a motion to vacate his conviction on the ground that he received ineffective assistance of counsel.[1] In the alternative, Basu seeks to have his sentence corrected to reflect a period of incarceration to which he believes he would have been sentenced had he not received ineffective assistance of counsel. (Mot. to Vacate at 9.)

## DISCUSSION

■ In a § 2255 motion, the petitioner can move to "vacate, set aside, or correct the sentence" if the sentence was "imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(a). The petitioner bears the burden of proving the violation by a preponderance of the evidence. *United States v. Pollard*, 602 F.Supp.2d 165, 168 (D.D.C. 2009). An evidentiary hearing does not need to be held when " 'the motion and the files and records of the case conclusively show the prisoner is entitled to no relief.' " *United States v. Horne*, No. 99–3080, 2000 WL 60246, at *2 (D.C.Cir. Jan. 4, 2000) (quoting 28 U.S.C. § 2255) (noting that it is within the court's discretion whether to hold a hearing when it is the same court that presided over the petitioner's criminal proceedings); *see also United States v. Taylor*, 139 F.3d 924, 933 (D.C.Cir.1998) (suggesting that a hearing is unnecessary if a motion to vacate on the ground of ineffective assistance of counsel fails "to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found" (internal quotation marks and citation omitted)).

■ In order to prove ineffective assistance of his counsel, Basu must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Concerning the first prong, the petitioner must show that counsel did not provide reasonable service under the "prevailing professional norms" given the circumstances. *Id.* at 688, 104 S.Ct. 2052. Those norms can be measured by "an attorney's ethical duties, including those which require counsel to bring skill and knowledge to the case and to provide zealous representation." *Best v. Drew*, Criminal Action No. 01–262(RWR), 2006 WL 2035652, at *3 (D.D.C. July 18, 2006). Counsel's performance is evaluated on the basis of how counsel would have viewed it at the time without the benefit of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. As to the second prong, a reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *see also United States v. Bowie*, 198 F.3d 905, 908–09 (D.C.Cir.1999) (noting that a reasonable probability "can be less than 50.01%").

■ The Sixth Amendment right to effective assistance of counsel attaches at the initiation of judicial proceedings against the defendant, *Maine v. Moulton*, 474 U.S. 159, 170, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985), and it applies to every "critical stage of the prosecution." *Kirby v. Illinois*, 406 U.S. 682, 690, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) (internal quotation marks and citation omitted). Plea bargaining is unquestionably a critical stage of the proceedings. *See Padilla v. Kentucky*,

---

1. The D.C. Circuit rejected Basu's claim on direct appeal that Grimsley provided ineffective assistance. (*See* Mot. to Vacate, Ex. 3, D.C. Circuit Mandate and Judgment.) Basu lays no blame at the feet of counsel who replaced Spencer. (*See* Mot. to Vacate at 22–23.) Thus, it is in effect only Spencer's representation that is under attack.

559 U.S. 356, 130 S.Ct. 1473, 1480–81, 176 L.Ed.2d 284 (2010) ("Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970))). However, neither the Supreme Court nor the D.C. Circuit appears to have decided whether the post-plea bargaining cooperation period also constitutes a critical stage. The Ninth Circuit has concluded that it does, on the ground that a motion to depart based on substantial assistance can have a significant impact upon a defendant's ultimate sentence. *See United States v. Leonti*, 326 F.3d 1111, 1117 (9th Cir.2003); *see also Tinajero–Ortiz v. United States*, 635 F.3d 1100, 1105 n. 4 (8th Cir.2011) (citing *Leonti* and "assum[ing] without deciding that the potential cooperation phase is a 'critical stage' of criminal proceedings to which the Sixth Amendment right to counsel applies"). Assuming that the right to effective assistance of counsel applies to the cooperation phase of criminal proceedings, the petitioner nonetheless has failed to demonstrate that he is entitled to the relief he seeks.

Basu argues, citing *Leonti*, that he was "completely denied his right to consult with counsel *over a three year period* of his cooperation." (Mot. to Vacate at 14 (emphasis in original).) During the cooperation process, an attorney assists a defendant by "facilitating communication between the defendant and the government, attending proffer sessions, ascertaining the government's expectations and whether the defendant is satisfying them, communicating the client's limitations to the government, and establishing a record of attempts to cooperate." *Leonti*, 326 F.3d at 1119. In *Leonti*, the defendant claimed "to have received little to no assistance from [his attorney] during the period he was attempting to render substantial assistance to the government." *Id.* at 1121.

The defendant's attorney appeared not to have attempted to ascertain "what the government wanted from [the defendant], or how his cooperation might be carried out." *Id.* Moreover, the defendant alleged that the attorney failed to facilitate his cooperation with the government after federal agents communicated to the defendant concerns about his cooperation. *Id.* The court summarized the defendant's allegations as suggesting that his attorney "never did *anything* to make it more likely that [the defendant] would in fact be able to provide substantial assistance." *Id.* (emphasis in original).

■ Although Basu argues that he received none of the assistance the *Leonti* court posited a defendant should receive while cooperating, his sole factual assertion regarding Spencer's allegedly deficient performance is that Spencer did not accompany Basu when Basu testified in Sweden. (Mot. to Vacate at 15–17.) Basu does not assert that Spencer failed to facilitate communication with the government, or that Spencer failed to ascertain the government's expectations of Basu. Rather, Basu admits that Spencer contacted him and told him that he was "requested to give a deposition (testify) at the Swedish consultant's trial." (Basu Aff. ¶ 6.) Nor does Basu allege that Spencer failed to communicate to the government any impediment to Basu's cooperation, or to keep a record of Basu's attempted cooperation. Basu provides no authority for the proposition that Spencer's performance was deficient merely because he did not accompany Basu to Sweden.

■ Even if Basu could demonstrate that Spencer's performance was deficient, Basu cannot show that he suffered prejudice. The suggestion that if Spencer had been present when Basu testified in Sweden, Spencer could have counseled Basu differently regarding withdrawing his plea

(Mot. to Vacate at 15–16) is entirely speculative, particularly in light of the fact that Basu and Spencer *did* meet and discuss after Basu returned from Sweden the testimony that he heard there (Basu Aff. ¶ 9). Moreover, after Spencer withdrew, Basu received advice from his new attorney regarding withdrawing his plea and how that could result in a higher sentence.[2] (*Id.* ¶¶ 10–11.) Nonetheless, Basu still decided to move to withdraw his plea, and he provides no basis for concluding that this decision would have been different had Spencer accompanied him to Sweden. Thus, Basu cannot demonstrate that there is any probability that the outcome of the proceedings would have been different.

## CONCLUSION

Basu has not shown that his counsel's performance was deficient or that he suffered prejudice. Therefore, his motion to vacate on the basis of ineffective assistance of counsel will be denied. An appropriate Order accompanies this Memorandum Opinion.

## MEMORANDUM OPINION AND ORDER

Petitioner Ramendra Basu moved under 28 U.S.C. § 2255 to vacate his conviction or correct his sentence arguing that his counsel provided ineffective assistance while Basu cooperated with the government. His motion was denied, and he now has filed an application for a certificate of appealability. Because Basu has not made a substantial showing that he was denied a constitutional right, his motion will be denied.

## BACKGROUND

The background of this case is discussed fully in *United States v. Basu,* 531

F.Supp.2d 48, 51 (D.D.C.2008) and *United States v. Basu,* Criminal Action No. 02–475(RWR), 881 F.Supp.2d 1, 2–3, 2012 WL 2244875, at *1 (D.D.C. June 18, 2012). Briefly, Basu was an employee at the World Bank where he entered into an agreement with a World Bank Task Manager and a Swedish consultant to award business to the consultant with the understanding that the consultant would pay kickbacks to the Task Manager. *Basu,* 881 F.Supp.2d at 3, 2012 WL 2244875, at *1. Basu pled guilty in 2002 to conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, and corruptly using instrumentalities of interstate commerce in violation of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd–3. Under the terms of the plea agreement, Basu agreed to cooperate with the government. Shortly after Basu pled guilty, Assistant Federal Public Defender Greg Spencer took over Basu's representation.

In 2005, a Swedish court sought Basu's testimony at the consultant's trial in Sweden. "Basu hoped that Spencer would travel to Sweden to learn details that could help his case and to 'document and be witness to [his] cooperation[,]' " but Spencer did not go. *Id.* (quoting Mot. to Vacate, Ex. 1, Basu Affidavit ¶ 6). "The testimony Basu heard during the trial in Sweden made him question whether he had facilitated bribe payments as alleged in the information to which he pled guilty." *Id.* "When Basu returned to the United States, he learned that a sentencing hearing had been set, and he 'went to see Mr. Spencer in his office and tried to explain to him as best [he] could what had occurred at the Swedish trial.' " *Id.* (quoting Mot. to Vacate, Ex. 1, Basu Affidavit ¶ 9). Basu told Spencer that he wanted to withdraw

---

**2.** These discussions also would seem to cure any potential deficiency in Spencer's representation, as Basu consulted with two different attorneys regarding the testimony Basu heard in Sweden before Basu made any decision that had a material impact on the sentence he received.

his plea. Spencer, though, successfully moved to withdraw as Basu's attorney citing Basu's dissatisfaction with the representation provided by the Federal Public Defender's Office, and new counsel was appointed. *Id.* (citing Mot. to Withdraw at 2.) Basu reviewed the testimony from the Swedish trial and other pertinent details of the case with his new attorney who filed a motion to withdraw Basu's guilty plea. He argued that Basu was innocent of the charges and that Basu's plea was coerced. *Basu,* 531 F.Supp.2d at 51. The motion was denied on the grounds that Basu had voluntarily entered the plea and that his claim of innocence lacked evidentiary support. The government declined to file a motion for a downward departure since Basu had tried to withdraw his guilty plea, and Basu was sentenced to fifteen months of incarceration. *Basu,* 881 F.Supp.2d at 3, 2012 WL 2244875, at *1.

Basu filed a motion to vacate his conviction on the ground that he received ineffective assistance of counsel because Spencer did not assist him during the term of his cooperation. *Id.* at 5–6, at *3. Basu's sole supporting factual assertion was that Spencer did not accompany Basu when Basu testified in Sweden. *Id.* (citing Mot. to Vacate at 15–17). That motion was denied because the court found that "Basu's counsel's representation did not fall below an objective level of reasonableness and Basu suffered no prejudice[.]" *Id.* at 2, at *1. Basu filed a notice of appeal and has filed with this court an application for a certificate of appealability. The court of appeals is holding Basu's appeal in abeyance pending resolution of Basu's application for a certificate of appealability.

### DISCUSSION

■ A defendant cannot appeal a final order in a proceeding under 28 U.S.C. § 2255 unless a circuit justice or a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to satisfy this requirement, the petitioner must demonstrate that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)). In particular, where the petition under § 2255 has been denied by the district court on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

■ Basu asserted constitutionally ineffective assistance of counsel. In order to prove such a claim, a defendant must show "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Basu,* 881 F.Supp.2d at 4, 2012 WL 2244875, at *2 (citing *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). When a defendant asserts an ineffective assistance of counsel claim based on inadequate investigation, the appellant must "'show to the extent possible precisely what information would have been discovered through further investigation[,]'" *United States v. Gwyn,* 481 F.3d 849, 855 (D.C.Cir.2007) (quoting *United States v. Askew,* 88 F.3d 1065, 1073 (D.C.Cir.1996)), and whether that information "would have

produced a different result." *Askew,* 88 F.3d at 1073 (citations omitted).

 Basu's habeas petition complained just that Spencer did not accompany Basu to Sweden for his testimony in December 2005. Now, in seeking a COA, Basu makes new allegations. He now says that Spencer was ineffective also because Spencer did not in the two years before that testimony accompany Basu to meetings connected with his cooperation, or do more to investigate the details of the charges to which he had pled guilty and the information he learned in Sweden.

Basu pled guilty to conspiracy and violating the Foreign Corrupt Practices Act. He pled knowingly and voluntarily and under oath. He admitted in open court that he committed the criminal acts that violated those statutes. He sets forth no legal or factual reason that Spencer should have been on notice before December 2005 that there was anything further to investigate in Sweden or elsewhere about the criminal acts Basu admitted under oath committing. Nor does Basu make any showing that meetings connected with his cooperation revealed any exculpatory information that Spencer should have expected to learn. Nothing in his current filing reflects the requisite substantial showing of any act or omission by Spencer that fell below an objective standard of reasonable professional representation.

Nor does Basu's application illustrate how Spencer's further investigation would have had an impact on the outcome of his case. Basu had already pled guilty at the time he returned from Sweden with the new details he deems important. The only available recourse was pursuing his motion to withdraw the guilty plea. Both Spencer and replacement counsel met with Basu about his new details before his motion was filed. The motion was denied on the merits. Basu provides no legal rationale or alternative grounds for reasonable jurists to disagree about whether any prejudice resulted from Spencer's alleged failure to investigate the crimes Basu had already admitted committing or the information from the trial in Sweden.

### CONCLUSION AND ORDER

Basu has not shown that reasonable jurists would disagree or debate the finding that his counsel's performance was not deficient and that Basu did not suffer prejudice. Therefore, it is hereby

ORDERED that the petitioner's application [75] for a certificate of appealability be, and hereby is, DENIED.